UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**ELTON BLAIZE, on behalf of himself and those similarly situated,**

      **Plaintiff,**

vs.

**SFI LOGISTIC, INC., A GEORGIA CORPORATION,**

      **Defendant.**
_____/

**CASE NO.:**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ELTON BLAIZE, on behalf of himself and those similarly situated, sues the Defendant, SFI LOGISTIC, INC., a Georgia Corporation, and alleges:

1. Plaintiff, ELTON BLAIZE, was an employee of Defendant, SFI LOGISTIC, INC., a Georgia Corporation, and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff was an hourly paid employee working as a yard spotter for Defendant from December 2008 to June 15, 2012.

3. Defendant, SFI LOGISTIC, INC., is a Georgia Corporation that

1

operates and conducts business in, among other locations, Atlanta, Georgia and is therefore, within the jurisdiction of this Court.

4. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly paid yard spotter who worked for Defendant at any time within the past three (3) years.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

6. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) in that Defendant earned more than $500,000.00 in gross sales annually and employed two or more employees engaged in interstate commerce.

7. At all times relevant to this action, Defendant failed to comply with the FLSA because it failed to pay Plaintiff and other similarly situated employees overtime compensation for overtime hours worked.

8. During their employment with Defendant, Plaintiff and those similarly situated employees were paid by the hour and were only paid straight time compensation for overtime hours worked.

9. Based on information and belief, Defendant classified Plaintiff and other yard spotters as exempt pursuant to the Motor Carrier exemption.

10. Plaintiff and those similarly situated employees' job duties included moving trailers from the door to the yard (and vice-versa) at terminals which Defendant serviced.

11. During their employment with Defendant, Plaintiff and those similarly situated employees did not leave the yard to perform their job duties.

12. However, Plaintiff and those similarly situated yard men are not exempt under the Motor Carrier exemption because these individuals never left the yard and thus never travelled on public roads.

13. Because their job duties did not include driving on public roads, Plaintiff and these similarly situated employees are non-exempt and are entitled to overtime compensation.

14. Upon realizing their error, Defendant reclassified its yard spotters as non-exempt and began paying them overtime in approximately March 2011.

15. However, Defendant failed to pay Plaintiff and other yard spotters overtime compensation for overtime hours previously worked.

16. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who worked in

excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

17. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated employees are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

18. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17 above.

19. Plaintiff and those similarly situated employee are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

20. During their employment with Defendant, Plaintiff and those similarly situated employees were misclassified as exempt up until March 2011 and did not receive overtime compensation.

21. Based on the job duties worked by Plaintiff and those similarly situated employees (*see supra*), these individuals were non-exempt under the FLSA prior to March 2011 and are entitled to overtime compensation.

22. Defendant did not have a good faith basis for classifying Plaintiff and

these similarly situated employees as exempt from overtime.

23. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated employees overtime compensation, Plaintiff and those similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

24. As a result of Defendant's willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

25. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ELTON BLAIZE, on behalf of himself and those similarly situated, demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 3rd day of October, 2012.

> **/s/ C. Ryan Morgan,** *Pro Hac Vice*
> C. Ryan Morgan, Esq.
> Florida Bar No. 0015527
> Morgan & Morgan, P.A.
> 20 N. Orange Ave., 14th Floor
> Orlando, FL 32802-4979
> Telephone: (407) 420-1414
> Facsimile: (407) 425-8171

Email: rmorgan@forthepeople.com
*Attorneys for Plaintiff*


**/s/ Robert DeMetz**
Robert DeMetz, Esq.
Georgia Bar No. 215070
Morgan & Morgan, P.A.
191 Peachtree Street, Suite 4200
Atlanta, GA 30303
Telephone: (404) 965-8811
Facsimile: (404) 965-8812
Email: RDeMetz@forthepeople.com
*Local Counsel for Plaintiff*